IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maryam Muhammad,               :
:
Petitioner    :
:
v.                  : No. 964 C.D. 2022
: Submitted: April 28, 2023
Kelly Services Global LLC      :
(Workers' Compensation Appeal   :
Board),                  :
:
Respondent :  

BEFORE:    HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED: September 22, 2023

Maryam Muhammad (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of the Workers' Compensation Judge (WCJ) granting in part her Claim Petition for a closed period, denying her Penalty Petition, and granting Kelly Services Global LLC's (Employer) Termination Petition. Claimant contends that the WCJ's decision is not a reasoned decision as required by Section 422(a) of the Workers' Compensation Act (Act).[1] Upon review, we vacate and remand.

On September 11, 2019, Claimant, who worked for Employer as a substitute teacher, sustained a work-related injury in the nature of a neck and back injury. On October 10, 2019, Employer issued a medical-only Notice of Temporary

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §834.

Compensation Payable (NTCP), recognizing a work-related injury described as a cervical and thoracic strain.

On September 15, 2020, Claimant filed a Claim Petition seeking total disability benefits for the September 11, 2019 injury for the closed period of February 24, 2020, through April 6, 2020. Claimant also filed a Penalty Petition, asserting that Employer violated the Act by failing to fully investigate the claim and file the appropriate documents. On October 9, 2020, Claimant filed a second Claim Petition alleging she sustained a work-related injury in the nature of a low back injury on September 17, 2019, when she was involved in a motor vehicle accident while being transported for treatment for the September 11, 2019 work injury. She again sought total disability benefits from February 24, 2020, through April 6, 2020. On January 26, 2021, Employer filed a Termination Petition alleging that Claimant had fully recovered from all work-related injuries as of January 14, 2021. The parties filed timely answers in response to each other's petitions denying the material allegations contained therein.

The petitions were consolidated and assigned to a WCJ for disposition. Before the WCJ, Claimant testified and presented the deposition testimony of her medical expert, Dennis W. Ivill, M.D. (Dr. Ivill). Employer presented the Independent Medical Examination (IME) report of Dennis P. McHugh, D.O. (Dr. McHugh), and other medical records. Based on the testimony and evidence presented, the WCJ made the following relevant findings.

Claimant, who testified in person and by deposition, testified that the September 11, 2019 injury occurred when a student came up from behind her and pulled her backward. Claimant stumbled backwards but did not fall to the ground. She immediately felt a vibrating pain in the middle of her neck. Claimant reported

2

the injury to Employer and completed an incident report. The following morning, Claimant developed a pain and a tingling sensation that radiated from her neck into her arms. Claimant went to Concentra for treatment, where she was x-rayed and prescribed medication and physical therapy. WCJ's Op., 1/11/22, Finding of Fact (F.F.) No. 6(a), (f)-(h).

On September 17, 2019, Claimant was in a motor vehicle accident while being transported for medical treatment for the September 11, 2019 injury. Claimant testified that she hit her back and head on the seat and headrest behind her. Claimant went to the hospital emergency room, where she was evaluated, given medication, and discharged the same day. Claimant reported the accident to Employer. Claimant testified that her neck and upper extremity symptoms became worse. She described that her neck pain radiated up from her neck into her head, causing her dizziness and headaches. Thereafter, she began experiencing headaches four to five times per week, pain in her upper and lower back and left and right arms and hands, and vision issues. F.F. No. 6(j)-(p).

Between September 11, 2019, and November 2019, Claimant worked less as a result of her injuries. Claimant continued to work until February 24, 2020, at which point, she ceased working entirely and did not return to work until April 6, 2020, because of her work injuries. Upon her return, Claimant taught in a virtual classroom but this accommodation ended in June of 2020 when the school year ended. F.F. Nos. 6(i), (q), (s), 8.

Claimant receives acupuncture treatment for her neck and back twice a week from Dr. Ivill. Claimant has treated with various specialists for her neck, back, vision, and headache issues, including Zach Broyer, M.D. (Dr. Broyer) and Gregory Pharo, M.D. (Dr. Pharo). Claimant's doctors have not approved her to return to

3

work in person. Claimant does not feel that she is physically capable of returning to in-person teaching. Claimant continues to experience neck and back pain and migraines. F.F. No. 6(t)-(cc).

Dr. Ivill, who is board certified in physical medicine and rehabilitation, testified by deposition. Dr. Ivill began treating Claimant on November 11, 2020. He noted positive findings suggesting cervical and lumbar pinched nerves, also known as radiculopathies. He stated that those findings were consistent with Claimant's subjective complaints including neck and back pain radiating into her arms and legs. Dr. Ivill opined that Claimant's cervical spine MRI showed C5-6 and C6-7 disc herniations. He related these findings to Claimant's September 11, 2019, work injury. Dr. Ivill explained that, based on Claimant's history, his physical examination, and his review of her records, Claimant had no complaints prior to that work injury. Dr. Ivill stated that Claimant's mechanism of injury of a flexion extension movement to her neck could cause a disc to be herniated, which then can pinch nerves going down into the arms causing radiculopathy. Dr. Ivill opined that Claimant's December 5, 2020 lumbar MRI showed L4-5 and L5-S1 disc herniations which he believed were causally related to Claimant's September 17, 2019, work injury, explaining that Claimant had no prior history or complaints of low back pain. As of March 1, 2021, Dr. Ivill restricted Claimant to virtual teaching due to the physical limitations of in-person teaching. F.F. No. 7(a)-(r).

With respect to the September 11, 2019, work injury, based on his review of the records, Claimant's history, and her physical examination, Dr. Ivill diagnosed Claimant with bilateral C5-6 radiculopathies, C5-6 and C6-7 disc herniations, and post-traumatic headaches. With respect to the September 17, 2019, work injury, Dr. Ivill diagnosed Claimant with aggravation of the previous cervical

4

sprain/strain; bilateral C5-6 radiculopathy; C5-6 and C6-7 disc herniations, traumatic headaches, bilateral S1 radiculopathies, and new lumbar L5-S1, L4-5 disc herniations. He opined that Claimant had not fully recovered from her work injuries. F.F. No. 7(s)-(t).

In defense of Claimant's Claim Petitions and in support of its Termination Petition, Defendant introduced the medical reports of Drs. Broyer, Pharo, and McHugh. F.F. Nos. 10-11. Dr. McHugh, a board-certified orthopedic surgeon, performed an IME of Claimant on January 14, 2021. Based on his review of Claimant's medical history and records, and a physical examination, Dr. McHugh opined that, on September 11, 2019, Claimant sustained a cervical sprain and strain, a thoracic sprain and strain, and bilateral trapezial sprains and strains. He further opined that Claimant exacerbated those injuries on September 17, 2019. Dr. McHugh opined that Claimant fully recovered from her work-related injuries and that she did not require any further medical treatment. F.F. No. 10(a), (d).

The WCJ accepted Claimant's testimony as credible as to the occurrence of the September 11, 2019, and September 17, 2019 injuries and resultant periods of partial and total disability, but not after January 14, 2021. F.F. No. 12. The WCJ found Dr. McHugh more credible than Dr. Ivill where their opinions differed on the nature and extent of the work-related disability and recovery. F.F. No. 13. Specifically, the WCJ assigned "prevailing weight to Dr. McHugh's report and his opinions which are found to be cogent and logical regarding Claimant's work injuries." F.F. No. 13.

Based on the credited evidence, the WCJ found that Claimant met her burden of proving that she sustained a work-related cervical strain/sprain, thoracic strain/sprain, and a bilateral trapezius strain/sprain on September 11, 2019, which

5

were aggravated by the motor vehicle accident on September 17, 2019. F.F. No. 14. The WCJ found that those work-related injuries resulted in a partial loss of earning power from September 11, 2019, through November 15, 2019, and a total loss of earning power from February 15, 2020, through April 10, 2020. F.F. No. 16. The WCJ found that Employer did not violate the Act. F.F. No. 21. The WCJ further found that Employer met its burden of proving that Claimant fully recovered from all work-related injuries as of January 14, 2021, the date of Dr. McHugh's IME. F.F. No. 18. Thus, the WCJ granted Claimant's Claim Petitions for a closed period, denied her Penalty Petition, and granted Employer's Termination Petition terminating benefits as of January 14, 2021.

Claimant appealed the WCJ's decision to the Board arguing that the WCJ findings regarding the extent of her work-related injuries were not supported by substantial evidence and that the WCJ failed to issue a reasoned decision. With regard to the reasoned decision claim, Claimant asserted:

> [The WCJ's] January 11, 2022 Decision is not well reasoned and not based on substantial competent evidence of record. Although the [WCJ] acknowledged that Dr. Broyer's treatment records were admitted into the record, he failed to incorporate Dr. Broyer's diagnoses and opinions into [his] Decision, which were consistent with Dr. Ivill's opinions and in stark contrast to Dr. McHugh's opinions. [The WCJ] provided no explanation as to why Dr. McHugh was found more credible than Dr. Broyer and Dr. Ivill especially in light of the fact that Dr. McHugh never testified to further explain the opinions contained in his IME report. In addition, [the WCJ] ignored the objective, diagnostic testing that confirmed the severity of [Claimant's] work injuries.

6

Certified Record (C.R.) at 26-27. The Board affirmed the WCJ's decision, but in so doing only addressed Claimant's substantial evidence argument and did not address her reasoned decision claim.

Claimant now petitions this Court for review.[2] On appeal, Claimant again argues that the WCJ's decision does not meet the reasoned decision requirements of Section 422(a) of the Act. More particularly, Claimant asserts that the WCJ failed to articulate an objective basis for deeming the medical report of Dr. McHugh more credible than the deposition testimony of Dr. Ivill, and failed to summarize and weigh all of the medical evidence offered by Employer, namely the medical reports of Dr. Broyer, which Claimant contends corroborated the medical opinions offered by Dr. Ivill.[3]

Because the Board did not address the reasoned decision claim, we find it necessary to vacate the Board's order and remand this matter to the Board for consideration of this issue. *See Serrano v. Workers' Compensation Appeal Board (Ametek, Inc.)*, 154 A.3d 445, 453 (Pa. Cmwlth. 2017).

MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

[2] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011).

[3] We note that Employer did not address the reasoned decision issue in its appellate brief, focusing its arguments on whether substantial evidence supported the WCJ's findings.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maryam Muhammad,                    :
                                    :
                  Petitioner        :
                                    :
            v.                      :  No. 964 C.D. 2022
                                    :
Kelly Services Global LLC           :
(Workers' Compensation Appeal       :
Board),                             :
                                    :
                  Respondent :

# **O R D E R**

AND NOW, this 22nd day of September, 2023, the order of the Workers' Compensation Appeal Board (Board), dated August 12, 2022, is VACATED, and this matter is REMANDED to the Board for proceedings in accordance with the foregoing memorandum opinion.

Jurisdiction is relinquished.

_____
MICHAEL H. WOJCIK, Judge